Michael A. Strauss, SBN 246718
mike@strausslawyers.com
Rabiah A. Rahman, SBN 289790
rabiah@strausslawyers.com
**STRAUSS & STRAUSS, APC**
121 North Fir Street, Suite F
Ventura, CA  93001
Telephone:  (805) 641-6600
Facsimile:   (805) 641-6607

Attorneys for the Named Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CARBAJAL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RENTOKIL NORTH AMERICA, INC., a Pennsylvania corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR:**<br><br>1) **FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES;**<br>2) **PAY STUB VIOLATIONS;**<br>3) **UNFAIR COMPETITION; AND**<br>4) **FLSA VIOLATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

COME NOW, PLAINTIFF Antonio Carbajal and the putative class (collectively, "Plaintiffs"), and submit the following Complaint against Rentokil North America, Inc. and DOES 1 through 100, inclusive (collectively, "Defendants"), and each of them as follows.

# INTRODUCTION

1. This is a class and collective action brought by Plaintiff Tony Carbajal and any other person or persons later joined as plaintiffs (collectively, Plaintiff Tony Carbajal and any other later-joined plaintiffs are referred to herein as the "Named Plaintiffs") on behalf of themselves and all others similarly situated. The Named Plaintiffs and those similarly situated are or were employed by Defendants as pest control technicians, and were denied proper compensation as required by state and federal wage-and-hour laws.

2. The Putative Class is made up of each and every person who has worked for Defendants in California as a pest control technician at any time between November 17, 2013 and the trial of this action (the "California Class Period").

3. The FLSA Collective is made up of each and every person who has worked for Defendants as a pest control technician at any time between November 17, 2014 and the trial of this action (the "Collective Period").

4. During the California Class and Collective Periods, Defendants failed to pay overtime compensation to the Named Plaintiffs and each member of the putative classes/collectives as required by federal and state law. Specifically, Defendants failed to include non-discretionary bonus earnings in the employees' regular rate for the purpose of calculating overtime and doubletime wages and failed to pay overtime and doubletime on said bonus earnings. The Named Plaintiffs seek relief for the Putative Class employees under California wage-and-hour law and for the FLSA Collective under the FLSA, to remedy Defendants' continued failure to pay all wages due, pay appropriate overtime and doubletime compensation, pay waiting-time penalties, and to provide accurate wage statements.

# JURISDICTION

5. Jurisdiction over Plaintiffs' federal claims is based upon (a) Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an

1  employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C.
2  §§ 1331 and 1337.

3      6. Jurisdiction over Plaintiffs' state law class action claims under the
4  California Labor Code and the claim under section 17200 of the California Business
5  and Professions Code are based upon this Court's supplemental jurisdiction under 28
6  U.S.C. § 1367(a), because the state law claims are so related to Plaintiffs' federal claims
7  that they form a part of the same case or controversy between Plaintiffs and Defendants.

## VENUE

9      7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all
10 times material herein, Defendant Rentokil North America, Inc. has been actively
11 conducting business in the State of California and within the geographic area
12 encompassing the Northern District of the State of California. Moreover, the unfair
13 business practices complained of herein took place, in part, within the Northern District
14 of California, as Plaintiff Carbajal maintained his residence and worked for Defendants
15 in the vicinity of Napa, California.

## THE PARTIES

17     8. At all times herein mentioned, Plaintiff Tony Carbajal was an employee of
18 Defendants, working in the state of California as a pest control technician, from in or
19 about December 8, 2012 through the present. At all times herein mentioned Plaintiff
20 Carbajal was an individual residing in the City of Napa, County of Napa, State of
21 California.

22     9. At all times herein mentioned, Plaintiffs are informed and believe and,
23 based on such information and belief, thereon allege that Rentokil North America, Inc.
24 is a Pennsylvania corporation that does business in the Northern District of California.

25     10. At all times material to this action, Defendants have been enterprises
26 engaged in commerce or in the production of goods for commerce as defined by §
27 203(s)(1) of the FLSA, and have had a gross volume of sales exceeding $500,000.

28     11. At all times material to this action, Defendants have been an "employer" of

Plaintiffs, as defined by section 203(d) of the FLSA.

12. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by said fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained. Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

13. Each of the Defendants acted as the agent or employee of the others and each acted within the scope of that agency or employment.

## CALIFORNIA STATE LAW CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class (the "Putative Class"): Each and every person who has worked for Defendants in California as a pest control technician at any time between November 17, 2013 and the trial of this action (the "California Class Period").

15. <u>Numerosity</u>: The Putative Class represents over 25 persons and is so numerous that the joinder of each member of the putative class is impracticable.

16. <u>Typicality</u>: The Named Plaintiffs' claims are typical of the members of the California Class. The Named Plaintiffs are informed and believe that, like other pest control workers, they routinely worked more than forty hours per week, and more than eight (or even twelve) hours per day, during the California Class Period. The Named Plaintiffs had the same duties and responsibilities as other Putative Class members. The Named Plaintiffs and the Putative Class were subject to Defendants' policy and practice of failing to pay appropriate overtime and doubletime compensation, willfully failing to pay all earned wages at termination/resignation, and failing to provide accurate itemized wage statements.

17. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-

and-hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants such as Ecolab. The members of the Putative Class that the Named Plaintiffs represent have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiffs are informed and believes, and on such information and belief alleges, that the damage to each member of the Putative Class is relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

18. <u>Adequacy</u>: The Named Plaintiffs will fairly and adequately represent the interests of the Putative Class, because the Named Plaintiffs are members of the Putative Class, and the Named Plaintiffs' claims are typical of those in the Putative Class.

19. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Class. There is a well-defined community of interest in the questions of law and fact affecting the Putative Class that the Named Plaintiffs represent. The Putative Class members' claims against Defendants involve questions of common or general interest, in that each was employed by Defendants, and each was not paid wages owed based on the same failure to include nondiscretionary bonus/commission earnings in their regular rate of pay for the purpose of calculating overtime/doubletime and failing to pay overtime on said bonus earnings. Moreover, each of the California Class members received defective paycheck stubs that did not include correct amounts for overtime/doubletime wages earned or overtime/doubletime rates of pay. These questions are such that proof of a state of facts common to the members of the California Class will entitle each member to the relief requested in this complaint.

20. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible

standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

21. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

22. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions only affecting individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Putative Class the overtime and doubletime pay to which they are entitled and accurate paycheck stubs. The damages suffered by the individual Putative Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

23. The Named Plaintiffs intend to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the members of the Putative Class are available from Defendants.

## COLLECTIVE ACTION ALLEGATIONS

24. The Named Plaintiffs also brings this action on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are as follows (the "FLSA Collective"): Each and every person who has worked for Defendants as a pest control technician at any time between November 17, 2014 and the trial of this action (the "Collective Period").

25. Upon information and belief, Defendants knew that Plaintiffs and the

FLSA Collective performed work that required overtime pay. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked. Specifically, Defendants did not include nondiscretionary bonus/commission earnings in the employees' regular rates of pay for the purpose of calculating overtime and doubletime wages.

26. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former workers who have been denied overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated workers are known to Defendants and should be readily identifiable through Defendants' records.

## **FIRST CAUSE OF ACTION**

*Failure To Pay Overtime And Doubletime Premium Wages*

**(Action Brought By The Named Plaintiffs On Behalf Of Themselves And The Putative Class Against All Defendants)**

27. Plaintiffs incorporates by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

28. California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek. Lab. Code § 510. It further requires payment of doubletime premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek. *Id.* Overtime premiums must be paid at the rate of 1.5 times an employee's regular rate of pay. *Id.* Doubletime premiums must be paid at the rate of 2.0 times an employee's regular rate of pay. *Id.* Pursuant to California law, nondiscretionary bonuses must be included in

an employee's regular rate of pay for the calculation of overtime and doubletime premium wages. *Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 807 (2008), as modified on denial of reh'g (Jan. 21, 2009).

29. California law also requires payment of overtime on nondiscretionary bonuses. When a bonus is based on a percentage of production or some formula other than a flat amount and can be computed and paid with the wages for the pay period to which the bonus is applicable, overtime on the bonus must be paid at the same time as the other earnings for the week, or no later than the payday for the next regular payroll period. *See* Lab. Code § 204. Since the bonus was earned during straight time as well as overtime hours, the overtime "premium" on the bonus is half-time or full-time (for double time hours) on the regular bonus rate. The regular bonus rate is found by dividing the bonus by the total hours worked during the period to which the bonus applies.

30. The Named Plaintiffs and the Putative Class regularly worked hours, including for hours they worked in excess of eight in a day, 40 in a week, and on the seventh straight day of work in a workweek, for which they were not paid overtime or doubletime premium wages according to California law. Defendants routinely paid the Named Plaintiffs and the Putative Class nondiscretionary bonuses and did not include the remuneration paid for such bonuses into the employees' regular rates of pay for the purposes of calculating overtime and doubletime premium wages. Defendants also did not pay overtime on the bonus earnings.

31. The Named Plaintiffs and the Putative Class seek such overtime and doubletime premium wages and bonus overtime wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter. (In the Unfair Business Practices cause of action stated herein, the Named Plaintiffs and the Putative Class seek restitution of unpaid overtime and doubletime wages and bonus overtime wages due for the four-year period measured backward from the date of the filing of the initial Complaint in this matter.)

32. The exact amount of overtime and doubletime premium wages and bonus overtime wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs will be unable to determine the exact amount of wages owed.

33. Plaintiffs seek interest on all overtime and doubletime premium and bonus overtime wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter, pursuant to Labor Code sections 218.6 and 1194.

34. Pursuant to Labor Code sections 218.5 and 1194, Plaintiffs request the Court to award their reasonable attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION

*Pay Stub Violations*

**(Action Brought By The Named Plaintiffs On Behalf Of Themselves And The Putative Class Against All Defendants)**

35. Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

36. California Labor Code section 226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the

employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

37. In this case, Defendants have failed to provide such wage deduction statements to the Named Plaintiff and the Putative Class in that their wage deduction statements do not include, without limitation, their accurate gross wages earned, net wages earned, or all correct, applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each correct hourly rate by the employee. Defendants have intentionally failed to put this information on the paycheck stubs. Pursuant to Labor Code section 226(e), damages are appropriate. At this time, the Named Plaintiffs believe and allege that they and the Putative Class are owed the maximum allowable penalty under section 226(e) because Defendants intentionally failed to provide adequate paycheck stubs. However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs will be unable to determine the exact amount of damages under Labor Code section 226(e).

38. Pursuant to Labor Code section 226(e), Plaintiffs request the court to award their reasonable attorney's fees and costs incurred in this action.

## THIRD CAUSE OF ACTION

*Unfair Competition*

**(Action Brought By The Named Plaintiffs On Behalf Of Themselves And The Putative Class Against All Defendants)**

39. Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as

though fully set forth herein.

40. This cause of action is being brought pursuant to California Business and Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.App.4th 163.

41. It is alleged that Defendants have willfully failed to pay the Named Plaintiffs and the Putative Class the state-mandated overtime and doubletime premium wages for all hours worked and on all nondiscretionary bonus earnings. The failure to pay such wages constitutes an unfair business practice under California Business and Professions Code section 17200.

42. As a result of the conduct of Defendants, Defendants profited from breaking the law. The Named Plaintiffs and the Putative Class seek disgorgement of this unlawfully obtained benefit (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

43. California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

44. As a result of the alleged aforesaid actions, the Named Plaintiffs and the Putative Class have suffered injury in fact and have lost money as a result of such unfair competition.

45. In this case, it is requested that this Court order such restitution.

## FOURTH CAUSE OF ACTION

*FLSA Violations*

**(Action Brought By The Named Plaintiffs On Behalf Of Themselves And The FLSA Employees Against All Defendants)**

46. Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein, except those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

47. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

48. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Defendants are, and were, subject to this requirement to pay the FLSA Employees one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendants violated the FLSA by refusing to pay the FLSA Employees overtime as required by law. Specifically, Defendants did not include the value of the nondiscretionary bonuses paid to the FLSA Employees in their regular rates of pay. Therefore, when Defendants paid overtime wages to the FLSA Employees, Defendants paid them at the wrong rate of pay, which was substantially lower than that required by the FLSA's overtime laws.

49. Defendants' violations of the FLSA as alleged herein have been done in a

1  willful and bad faith manner such that the FLSA Employees are entitled to damages
2  equal to the amount of overtime premium pay within the three years preceding the filing
3  of this complaint, plus periods of equitable tolling.  As a result of the aforesaid willful
4  violations of the FLSA, overtime compensation has been unlawfully withheld by
5  Defendants from Plaintiffs and similarly situated persons for which Defendants are
6  liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated
7  damages, as well as interest, reasonable attorney's fees and costs.

8  50.  The employment and work records for the Plaintiffs are in the exclusive
9  possession, custody, and control of Defendants, and Plaintiffs are unable to state at this
10 time the exact amount owing to him and the FLSA Employees.  Defendants are under a
11 duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of
12 Labor to maintain and preserve Plaintiffs' payroll and other employment records from
13 which the amounts of the Defendants' liability can be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For overtime and doubletime premium wages owed under California law according to proof;

2. For prejudgment interest pursuant to Labor Code sections 218.6 and 1194 and Civil Code sections 3288 and 3291 on all amounts claimed;

3. For attorney's fees and costs pursuant to Labor Code sections 226 and 1194 and Section 16(b) of the FLSA;

4. For statutory penalties under Labor Code section 226;

5. For an equitable order, ordering Defendants to pay all Putative Class members all wages and interest they are owed;

6. For an appointment of a receiver to perform an accounting of all monies owed to these employees;

7. For any and all injunctive relief this Court deems necessary pursuant to

Business and Professions Code section 17203;

8. For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived the Named Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

9. For a complete and accurate accounting of all the compensation to which the Named Plaintiffs and all others who are similarly situated are entitled;

10. For compensatory damages against Defendants to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

11. For liquidated damages against Defendants to be paid to the FLSA Employees under Section 16(b) of the FLSA;

12. For costs of suit; and

13. For any other and further relief that the Court considers just and proper.

DATED: November 17, 2017　　　　　　　　　　**STRAUSS & STRAUSS, APC**

By: _____
　　Michael A. Strauss
　　Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Named Plaintiffs hereby demands a trial by jury.

DATED: November 17, 2017           **STRAUSS & STRAUSS, APC**

                                                    By: _____
                                                      Michael A. Strauss
                                                      Attorneys for Plaintiff